UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL WARD,<br><br>    Petitioner,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>    Respondents. | Civil Action No. 21-1204 (SDW)<br><br>MEMORANDUM OPINION |

**IT APPEARING THAT:**

1. On or about January 1, 2021, Petitioner, Abdul Ward, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he sought to challenge his state court conviction and sentence. (ECF No. 1). Following notice from the Clerk of the Court, Petitioner paid the applicable filing fee on or about February 11, 2021. (ECF Docket Sheet).

2. As Petitioner has now paid the appropriate filing fee, Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this

1

exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1.

4. According to Petitioner, he was sentenced in March 2018. (ECF No. 1 at 1). He appealed, but the Appellate Division affirmed his conviction in October 2018. (*Id.*). The New Jersey Supreme Court thereafter denied certification in late January 2019. (*Id.*). Less than three months later, Petitioner filed his petition for post-conviction relief on April 10, 2019. (*Id.*). That petition was denied on January 10, 2020. (*Id.*). Petitioner "immediately appealed that decision, and that appeal is still pending." (*Id.*). As all of Petitioner's current claims were raised for the first time in Petitioner's post-conviction relief proceedings, they have not yet been fully exhausted as his "P.C.R. appeal [is] still pending," (*Id.* at 8-14).

5. Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing

*Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). Because this Court cannot determine the merits of Petitioner's claims on the information contained in his habeas petition, this Court cannot deny his claims on the merits. Likewise, because all of Petitioner's claims are unexhausted, he cannot proceed on only exhausted claims as he has none. This Court must therefore either dismiss his petition without prejudice for lack of exhaustion, or stay the petition pending exhaustion. Petitioner requests that the Court pursue the latter course and stay his petition to "stop the clock" on his habeas limitations period, as he believes he has already used up a third of that period. (ECF No. 1 at 1).

6. A district court may only grant a stay of an unexhausted petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition within the one-year statute of limitations period. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack" a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland*, 2015 WL 1035428 at *2.

7. Although Petitioner believes he has spent a significant portion of his one year habeas limitations period, it appears that he is mistaken. The one year habeas limitations period does not yet begin to run until a habeas petitioner's conviction becomes final with the conclusion of direct appellate review or the expiration of the time for seeking such review, including the ninety-day

period for filing a petition for a writ of certiorari in the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). Even where that limitations period has begun to expire, the limitations period is subject to statutory tolling which automatically stops the running for the period while the petition has a properly filed petition for post-conviction relief "pending" in the state courts, including during a timely direct appeal of such a petition. *Jenkins*, 705 F.3d at 85. Here, Petitioner filed his habeas petition within 90 days of the denial of his petition for certification before the New Jersey Supreme Court. As such, it appears that, as of the time he filed his PCR petition, his habeas limitations period had not even begun to run. *Id.* at 84; *Ross*, 712 F.3d at 798. As there is nothing before the Court which would indicate that Petitioner's PCR was not "properly filed," his habeas limitations period continued to be tolled throughout the pendency of his PCR petition and his "immediate appeal[]" of the denial of that petition. *Jenkins*, 705 F.3d at 85; (ECF No. 1 at 1). As Petitioner indicates that his appeal remains pending, Petitioner's one-year limitations period thus has not yet begun to run, and Petitioner is in no danger of losing his right to file a habeas petition at this time.

8. Even assuming Petitioner's habeas claims are potentially meritorious and that Petitioner has not engaged in dilatory practices, Petitioner has failed to show good reason for his failure to fully exhaust his claims prior to filing his habeas petition as his one year limitations period has not yet begun to run and he is in no danger of being prevented from filing a habeas petition were the Court to dismiss his habeas petition. Petitioner is therefore not entitled to a stay of his petition at this time, and his habeas petition is therefore dismissed without prejudice for lack of exhaustion. *See Rhines*, 544 U.S. at 277-78; *Crews*, 360 F.3d at 152; *Ragland*, 2015 WL 1035428 at *2.

Petitioner is free to file a new habeas petition after his PCR appeal, including the filing of a petition for a writ of certification, concludes.

      9. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

10. In conclusion, Petitioner's petition for a writ of habeas corpus (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion, and Petitioner shall be **DENIED** a certificate of appealability. An appropriate order follows.


Dated: February 16, 2021                                         *s/Susan D. Wigenton*
                                                                 Hon. Susan D. Wigenton,
                                                                 United States District Judge